UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD H. CRADDOCK;
PAMELA CRADDOCK;
JACOB BRADLEY, a minor,
by PAMELA CRADDOCK, his
Next Friend; SAMANTHA
BRADLEY, a minor, by PAMELA
CRADDOCK, her Next Friend; and
RICHARD H. CRADDOCK, JR.,
a minor, by PAMELA CRADDOCK,
his Next Friend,

    Plaintiffs,

v

D/SGT. STEVEN D. RAU,
TPR. MITCHELL DYER,
D/TPR. BRETT VOGT,
TPR. DOUG CAREY,
TPR. MARTIN MILLER,
TPR. ED BRINKMAN,
D/TPR. ANGEL D. OUWINGA,
TPR. BRIAN KOMM,
DET. E. LAUDENSLAGER,
SGT. MARK S. DAVIS,
DET. DAVE HUNT,

    Defendants.

Case No. **1:02 CV 0551**

HON. **Gordon J. Quist
U.S. District Judge**

---

Frederick J. Boncher (P23072)
Catherine M. Sullivan (P40699)
SCHENK & BONCHER
Attorneys for Plaintiffs
601 Three Mile Road, N.W.
Grand Rapids, MI 49544
(616) 647-8277

---

## **COMPLAINT & JURY DEMAND**

NOW COME the Plaintiffs, by and through their attorneys, SCHENK & BONCHER, and for their Complaint against the Defendants state as follows:

## Introductory Statement

1. This is an action for damages sustained by four citizens of the United States against police officers of the State of Michigan, City of Grand Rapids, City of Kentwood, and the City of Wyoming, who unlawfully arrested, assaulted, battered, prosecuted, and/or harassed them.

2. This action is brought to assert state tort claims, violations of the Elliott-Larsen Civil Rights Act, and pursuant to 42 USC Sections 1983 and 1988 as well as the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated on 28 USC Sections 1343(3) and (4) and 1331, as well as its pendent jurisdiction.

## Parties

4. Plaintiff Richard Craddock is a resident of the City of Walker, and at all times relevant to the allegations of this Complaint was a resident of Kent County, and a citizen of the United States.

5. Plaintiff Pamela Craddock is a resident of the City of Walker, and at all times relevant to the allegations of this Complaint was a resident of Kent County, and a citizen of the United States.

6. Plaintiff Jacob Bradley is a minor, and brings this action through his Next Friend, Pamela Craddock. He is a resident of the City of Walker, and at all times relevant to the allegations of this Complaint was a resident of Kent County, and a citizen of the United States.

7. Plaintiff Samantha Bradley is a minor, and brings this action through her Next Friend, Pamela Craddock. She is a resident of the City of Walker, and at all times relevant to the allegations of this Complaint was a resident of Kent County, and a citizen of the United States.

8. Plaintiff Richard H. Craddock, Jr., is a minor, and brings this action through his Next Friend, Pamela Craddock. He is a resident of the City of Walker, and at all times relevant to the allegations of this Complaint was a resident of Kent County, and a citizen of the United States.

9. At all times relevant hereto, Defendant D/Sgt. Steven D. Rau was a police officer employed by the Michigan State Police to perform duties in Alpine Township, Kent County, Michigan. He is sued individually and in his official capacity.

10. At all times relevant hereto, Defendant Tpr. Mitchell Dyer was a police officer employed by the Michigan State Police to perform duties in Alpine Township, Kent County, Michigan. He is sued individually and in his official capacity.

11. At all times relevant hereto, Defendant D/Tpr. Brett Vogt was a police officer employed by the Michigan State Police to perform duties in Alpine Township, Kent County, Michigan. He is sued individually and in his official capacity.

12. At all times relevant hereto, Defendant Tpr. Doug Carey was a police officer employed by the Michigan State Police to perform duties in Alpine Township, Kent County, Michigan. He is sued individually and in his official capacity.

13. At all times relevant hereto, Defendant Tpr. Martin Miller was a police officer employed by the Michigan State Police to perform duties in Alpine Township, Kent County, Michigan. He is sued individually and in his official capacity.

14. At all times relevant hereto, Defendant Tpr. Ed Brinkman was a police officer employed by the Michigan State Police to perform duties in Alpine Township, Kent County, Michigan. He is sued individually and in his official capacity.

15. At all times relevant hereto, Defendant D/Tpr. Angel D. Ouwinga was a police officer employed by the Michigan State Police to perform duties in Alpine Township, Kent County, Michigan. He is sued individually and in his official capacity.

16. At all times relevant hereto, Defendant Tpr. Brian Komm was a police officer employed by the Michigan State Police to perform duties in Alpine Township, Kent County, Michigan. He is sued individually and in his official capacity.

17. At all times relevant hereto, Defendant Det. E. Laudenslager was a police officer employed by the City of Grand Rapids Police to perform duties in Alpine Township, Kent County, Michigan. Det. Laudenslager is sued individually and in an official capacity.

18. At all times relevant hereto, Defendant Sgt. Mark S. Davis, was a police officer employed by the City of Kentwood Police Department to perform duties in Alpine Township, Kent County, Michigan. He is sued individually and in his official capacity.

-5-

19. At all times relevant hereto, Defendant Det. Dave Hunt was a police officer employed by the City of Wyoming Police Department to perform duties in Alpine Township, Kent County, Michigan. He is sued individually and in his official capacity.

20. Defendants were on duty on November 1, 2001, and were present at the incident that is the subject of this Complaint.

21. At all times relevant hereto and in all their actions described herein, Defendants were acting under color of law and pursuant to their authority as police personnel.

## Facts

22. Plaintiffs reallege and incorporate by reference herein the preceding paragraphs of this Complaint.

23. On November 1, 2001, Defendants attempted to arrest Plaintiff Richard H. Craddock at 3490 Boyne Blvd., Alpine Township, Kent County, State of Michigan.

24. During the course of said arrest, Defendants used excessive and unreasonable force against the Plaintiff Richard H. Craddock, including but not limited to, hitting and beating him in the face, nose, and head, slamming his head and chest down on the pavement, striking him with a club, and hog-tying him.

25. During the course of said arrest, Defendant D/Sgt. Steven D. Rau shot and killed a dog owned by Plaintiffs Richard H. Craddock and Pamela Craddock.

26. That the actions taken by Defendants against Plaintiff Richard H. Craddock and the dog were witnessed by his step-children, Plaintiffs Jacob and Samantha Bradley; and his child, Richard H. Craddock, Jr..

27. The actions taken by Defendants against Plaintiff Richard H. Craddock amount to excessive force utilized by the police, as well as the offenses stated below.

28. As a result of the misconduct herein before described, Plaintiffs experienced humiliation, emotional distress, pain and suffering, and were otherwise damaged. Plaintiff Richard H. Craddock was also physically injured as a result of the conduct alleged in this Complaint.

## Federal Causes of Actions

29. The allegations set forth in the preceding paragraphs of this Complaint are incorporated herein by reference.

30. The hereinabove described actions and omissions, engaged in under color of state authority by the Defendants, deprived Plaintiff Richard H. Craddock of rights secured to him by the Constitution of the United States, including but not limited to, his Fourth Amendment right to be free from unlawful seizure of his person, his Fifth and Fourteenth Amendment rights to due process of law, including the right to be free from unjustified and excessive force utilized by police, and his Eighth Amendment right to be free from cruel and unusual punishment.

31. That further, Defendants' actions showed intentional, outrageous, and reckless disregard for Plaintiff's constitutional rights.

32. Defendants' actions were done with knowing disregard of and excessive risk to Plaintiff's health and well-being.

33. Plaintiff Richard H. Craddock, as a direct and proximate result of the actions by the officers, individually, and in their official capacity, suffered a deprivation of his constitutional rights and injuries and damages as hereinafter stated.

## Civil Conspiracy

34. Plaintiffs reallege and incorporate by reference the preceding allegations of this Complaint as if fully restated herein.

35. Defendants in this matter acted in concert, under color of law, and deprived Plaintiff Richard H. Craddock of constitutionally protected rights.

36. Defendants' actions amounted to a conspiracy, resulted in illegal and tortious acts, and/or were done for a criminal or unlawful purpose, or were designed to accomplish a lawful purpose by criminal or unlawful means.

37. Plaintiff Richard H. Craddock, as a direct and proximate result of the actions by the officers, individually, and in their official capacity, suffered injuries and damages as hereinafter stated.

## Pendent Causes of Action

38. This Court has pendent jurisdiction to hear and adjudicate the following claims.

## Assault & Battery Committed by Defendant D/Sgt. Steven D. Rau

39. Plaintiffs hereby reallege and incorporate by reference the allegations of the preceding paragraphs of this Complaint as if fully restated herein.

40. The aforementioned actions of D/Sgt. Rau constituted intentional and unlawful threats to do bodily injury to Plaintiff Richard H. Craddock.

41. The aforementioned actions were made under circumstances that created in Plaintiff Richard H. Craddock reasonable fear of imminent peril.

42. Defendant Rau had the ability to carry out the actions threatened.

43. In addition, Defendant Rau willfully and intentionally battered Plaintiff Richard H. Craddock.

44. Plaintiff Richard H. Craddock, as a direct and proximate result of the actions by the officers, individually, and in their official capacity, suffered injuries and damages as hereinafter stated.

## Assault & Battery Committed by Defendant Tpr. Mitchell Dyer

45. Plaintiffs hereby reallege and incorporate by reference the allegations of the preceding paragraphs of this Complaint as if fully restated herein.

46. The aforementioned actions of Tpr. Dyer constituted intentional and unlawful threats to do bodily injury to Plaintiff Richard H. Craddock.

47. The aforementioned actions were made under circumstances that created in Plaintiff Richard H. Craddock reasonable fear of imminent peril.

48. Defendant Dyer had the ability to carry out the actions threatened.

49. In addition, Defendant Dyer willfully and intentionally battered Plaintiff Richard H. Craddock.

50. Plaintiff Richard H. Craddock, as a direct and proximate result of the actions by the officers, individually, and in their official capacity, suffered injuries and damages as hereinafter stated.

### Assault & Battery Committed by Defendant D/Tpr. Brett Vogt

51. Plaintiffs hereby reallege and incorporate by reference the allegations of the preceding paragraphs of this Complaint as if fully restated herein.

52. The aforementioned actions of D/Tpr. Vogt constituted intentional and unlawful threats to do bodily injury to Plaintiff Richard H. Craddock.

53. The aforementioned actions were made under circumstances that created in Plaintiff Richard H. Craddock reasonable fear of imminent peril.

54. Defendant Vogt had the ability to carry out the actions threatened.

55. In addition, Defendant Vogt willfully and intentionally battered Plaintiff Richard H. Craddock.

56. Plaintiff Richard H. Craddock, as a direct and proximate result of the actions by the officers, individually, and in their official capacity, suffered injuries and damages as hereinafter stated.

### Assault & Battery Committed by Defendant Tpr. Doug Carey

57. Plaintiffs hereby reallege and incorporate by reference the allegations of the preceding paragraphs of this Complaint as if fully restated herein.

58. The aforementioned actions of Tpr. Carey constituted intentional and unlawful threats to do bodily injury to Plaintiff Richard H. Craddock.

59. The aforementioned actions were made under circumstances that created in Plaintiff Richard H. Craddock reasonable fear of imminent peril.

60. Defendant Carey had the ability to carry out the actions threatened.

61. In addition, Defendant Carey willfully and intentionally battered Plaintiff Richard H. Craddock.

62. Plaintiff Richard H. Craddock, as a direct and proximate result of the actions by the officers, individually, and in their official capacity, suffered injuries and damages as hereinafter stated.

### Assault & Battery Committed by Defendant Tpr. Martin Miller

63. Plaintiffs hereby reallege and incorporate by reference the allegations of the preceding paragraphs of this Complaint as if fully restated herein.

64. The aforementioned actions of Tpr. Miller constituted intentional and unlawful threats to do bodily injury to Plaintiff Richard H. Craddock.

65. The aforementioned actions were made under circumstances that created in Plaintiff Richard H. Craddock reasonable fear of imminent peril.

66. Defendant Miller had the ability to carry out the actions threatened.

67. In addition, Defendant Miller willfully and intentionally battered Plaintiff Richard H. Craddock.

68. Plaintiff Richard H. Craddock, as a direct and proximate result of the actions by the officers, individually, and in their official capacity, suffered injuries and damages as hereinafter stated.

### Assault & Battery Committed by Defendant Tpr. Ed Brinkman

69. Plaintiffs hereby reallege and incorporate by reference the allegations of the preceding paragraphs of this Complaint as if fully restated herein.

70. The aforementioned actions of Tpr. Brinkman constituted intentional and unlawful threats to do bodily injury to Plaintiff Richard H. Craddock.

71. The aforementioned actions were made under circumstances that created in Plaintiff Richard H. Craddock reasonable fear of imminent peril.

72. Defendant Brinkman had the ability to carry out the actions threatened.

73. In addition, Defendant Brinkman willfully and intentionally battered Plaintiff Richard H. Craddock.

74. Plaintiff Richard H. Craddock, as a direct and proximate result of the actions by the officers, individually, and in their official capacity, suffered injuries and damages as hereinafter stated.

### Assault & Battery Committed by Defendant D/Tpr. Angel D. Ouwinga

75. Plaintiffs hereby reallege and incorporate by reference the allegations of the preceding paragraphs of this Complaint as if fully restated herein.

76. The aforementioned actions of D/Tpr. Ouwinga constituted intentional and unlawful threats to do bodily injury to Plaintiff Richard H. Craddock.

77. The aforementioned actions were made under circumstances that created in Plaintiff Richard H. Craddock reasonable fear of imminent peril.

78. Defendant Ouwinga had the ability to carry out the actions threatened.

79. In addition, Defendant Ouwinga willfully and intentionally battered Plaintiff Richard H. Craddock.

80. Plaintiff Richard H. Craddock, as a direct and proximate result of the actions by the officers, individually, and in their official capacity, suffered injuries and damages as hereinafter stated.

-12-

### Assault & Battery Committed by Defendant Tpr. Brian Komm

81. Plaintiffs hereby reallege and incorporate by reference the allegations of the preceding paragraphs of this Complaint as if fully restated herein.

82. The aforementioned actions of Tpr. Komm constituted intentional and unlawful threats to do bodily injury to Plaintiff Richard H. Craddock.

83. The aforementioned actions were made under circumstances that created in Plaintiff Richard H. Craddock reasonable fear of imminent peril.

84. Defendant Komm had the ability to carry out the actions threatened.

85. In addition, Defendant Komm willfully and intentionally battered Plaintiff Richard H. Craddock.

86. Plaintiff Richard H. Craddock, as a direct and proximate result of the actions by the officers, individually, and in their official capacity, suffered injuries and damages as hereinafter stated.

### Assault & Battery Committed by Defendant Det. E. Laudenslager

87. Plaintiffs hereby reallege and incorporate by reference the allegations of the preceding paragraphs of this Complaint as if fully restated herein.

88. The aforementioned actions of Det. Laudenslager constituted intentional and unlawful threats to do bodily injury to Plaintiff Richard H. Craddock.

89. The aforementioned actions were made under circumstances that created in Plaintiff Richard H. Craddock reasonable fear of imminent peril.

90. Defendant Laudenslager had the ability to carry out the actions threatened.

91. In addition, Defendant Laudenslager willfully and intentionally battered Plaintiff Richard H. Craddock.

92. Plaintiff Richard H. Craddock, as a direct and proximate result of the actions by the officers, individually, and in their official capacity, suffered injuries and damages as hereinafter stated.

### Assault & Battery Committed by Defendant Sgt. Mark S. Davis

93. Plaintiffs hereby reallege and incorporate by reference the allegations of the preceding paragraphs of this Complaint as if fully restated herein.

94. The aforementioned actions of Sgt. Davis constituted intentional and unlawful threats to do bodily injury to Plaintiff Richard H. Craddock.

95. The aforementioned actions were made under circumstances that created in Plaintiff Richard H. Craddock reasonable fear of imminent peril.

96. Defendant Davis had the ability to carry out the actions threatened.

97. In addition, Defendant Davis willfully and intentionally battered Plaintiff Richard H. Craddock.

98. Plaintiff Richard H. Craddock, as a direct and proximate result of the actions by the officers, individually, and in their official capacity, suffered injuries and damages as hereinafter stated.

### Assault & Battery Committed by Defendant Det. Dave Hunt

99. Plaintiffs hereby reallege and incorporate by reference the allegations of the preceding paragraphs of this Complaint as if fully restated herein.

100. The aforementioned actions of Det. Hunt constituted intentional and unlawful threats to do bodily injury to Plaintiff Richard H. Craddock.

101. The aforementioned actions were made under circumstances that created in Plaintiff Richard H. Craddock reasonable fear of imminent peril.

102. Defendant Hunt had the ability to carry out the actions threatened.

103. In addition, Defendant Hunt willfully and intentionally battered Plaintiff Richard H. Craddock.

104. Plaintiff Richard H. Craddock, as a direct and proximate result of the actions by the officers, individually, and in their official capacity, suffered injuries and damages as hereinafter stated.

## Assault & Battery Committed by All Named Defendants Jointly and Severally, Against Plaintiff Richard H. Craddock

105. Plaintiffs reallege and incorporate by reference all of the allegations contained in the preceding paragraphs of this Complaint.

106. The aforementioned actions constituted intentional and unlawful threats to do bodily injury to Plaintiff Richard H. Craddock.

107. The officers had the ability to carry out the threatened actions if not prevented.

108. As stated above, the officers, jointly and severally, willfully and intentionally battered Plaintiff Richard H. Craddock.

109. The officers operated under an express agreement to carry out their plan or an implied agreement.

110. Plaintiff Richard H. Craddock, as a direct and proximate result of the actions by the officers, individually, and in their official capacity, suffered injuries and damages as hereinafter stated.

### Intentional Infliction of Emotional Distress

111. Plaintiffs hereby reallege and incorporate by reference all the preceding allegations in this Complaint.

112. The actions of Defendants aforementioned constituted intentional infliction of emotional distress upon Plaintiff Richard H. Craddock, upon his step-children, Plaintiffs Jacob and Samantha Bradley, and his child, Richard H. Craddock, Jr., who witnessed the assault.

113. That furthermore, the action of Defendant Rau in shooting and killing the dog was intentional, was witnessed by the Plaintiffs, and caused them emotional distress.

114. That the Plaintiffs suffered emotional distress due to the loss of their dog.

115. The aforementioned conduct was extreme and outrageous by the standards of this community.

116. The aforementioned conduct was done by the Defendants either intentionally or recklessly.

117. Plaintiffs, as a direct and proximate result of the actions by the officers, individually, and in their official capacity, suffered injuries and damages as hereinafter stated.

## Civil Conspiracy of Officers Present at the Scene
## Under MCL 750.157a

118. Plaintiffs reallege and incorporate by reference all the preceding allegations of this Complaint.

119. Defendants illegally, maliciously, and wrongfully conspired outright or impliedly with one another with the intent to and for the illegal purpose of beating Plaintiff Richard H. Craddock who was hog-tied and defenseless.

120. The conspiracy resulted in illegal and tortious acts, and/or was done for a criminal or unlawful purpose, or was designed to accomplish a lawful purpose by criminal or unlawful means.

121. The Plaintiffs, as a direct and proximate result of the actions by the Defendants individually and in their official capacity, suffered injury and damage, past, present, and future, including the following:

   a.   Pain, suffering, and emotional distress.

   b.   Humiliation, mortification and embarrassment.

   c.   Medical expenses.

   d.   Other injuries and damages, including physical injuries and permanent scarring to Plaintiff Richard H. Craddock.

WHEREFORE, Plaintiffs request that this Court enter a judgment against Defendants in whatever amount they may be found to be entitled, including punitive damages, together with interest, costs, actual attorneys' fees, and such other relief as the Court deems just under the circumstances.

SCHENK & BONCHER

DATED: July 30, 2002        By: _____
                                Frederick J. Boncher (P23072)
                                Catherine M. Sullivan (P40699)
                                Attorneys for Plaintiffs
                            Business Address:
                                601 Three Mile Road, N.W.
                                Grand Rapids, MI 49544-1601
                                (616) 647-8277

## JURY DEMAND

NOW COMES the Plaintiffs, by and through their attorneys, SCHENK & BONCHER and hereby demand a trial by jury in regard to the above-captioned matter.

SCHENK & BONCHER

DATED: July 30, 2002        By: _____
                                Frederick J. Boncher (P23072)
                                Catherine M. Sullivan (P40699)
                                Attorneys for Plaintiffs
                            Business Address:
                                601 Three Mile Road, N.W.
                                Grand Rapids, MI 49544-1601
                                (616) 647-8277

D:\u\LS04\DLB\Craddock\Complaint.wpd

-17-