UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

02 OCT -2 PM 2:38

RICHARD H. CRADDOCK;
PAMELA CRADDOCK;
JACOB BRADLEY, a minor,
by PAMELA CRADDOCK, his
Next Friend; SAMANTHA
BRADLEY, a minor, by PAMELA
CRADDOCK, her Next Friend; and
RICHARD H. CRADDOCK, JR.,
a minor, by PAMELA CRADDOCK,
his Next Friend,

    Plaintiffs,

v
D/SGT. STEVEN D. RAU,
TPR. MITCHELL DYER,
D/TPR. BRETT VOGT,
TPR. DOUG CAREY,
TPR. MARTIN MILLER,
TPR. ED BRINKMAN,
D/TPR. ANGEL D. OUWINGA,
TPR. BRIAN KOMM,
DET. E. LAUDENSLAGER,
SGT. MARK S. DAVIS,
DET. DAVE HUNT,

    Defendants.

Case No. 1:02CV0551

HON. GORDON J. QUIST

---

Frederick J. Boncher (P23072)
Catherine M. Sullivan (P40699)
SCHENK & BONCHER
Attorneys for Plaintiffs
601 Three Mile Road, N.W.
Grand Rapids, MI 49544
(616) 647-8277

Steven F. Stapleton (P51571)
PLUNKETT & COONEY, P.C.
Attorneys for Defendant Sgt. Mark Davis
333 Bridge Street, N.W., Suite 530
Grand Rapids, MI 49504
(616) 752-4611

Mark E. Donnelly P39281
Assistant Attorney General
Attorney for Defs. Rau, Dyer, Vogt, Carey, Miller,
Brinkman, Ouwinga & Komm
Tort Defense Division
120 North Washington Sq., Ste. 300
P.O. Box 30217
Lansing, MI 48909
(517) 373-6434

Robert E. Agents (P25496)
SLUITER, AGENTS, VAN GESSEL, WINTHER &
CARLSON, P.C.
Attorneys for Defendant Det. Dave Hunt
1945 - 28th Street, S.W.
Wyoming, MI 49509
(616) 531-5080

1

Margaret P. Bloemers P40853
Assistant City Attorney
Attorney for Defendant Eugene Laudenslager
620 City Hall
300 Monroe Avenue NW
Grand Rapids, MI 49503
(616) 456-4023

---

## JOINT STATUS REPORT

A Rule 16 Scheduling Conference is scheduled for **October 7, 2002, at 2:30 p.m.**, before the Honorable Gordon J. Quist. Appearing for the parties as counsel will be:

Catherine M. Sullivan (P40699)
SCHENK & BONCHER
Attorneys for Plaintiffs
601 Three Mile Road, N.W.
Grand Rapids, MI 49544

Steven F. Stapleton (P51571)
PLUNKETT & COONEY, P.C.
Attorneys for Defendant Sgt. Mark Davis
333 Bridge Street, N.W., Suite 530
Grand Rapids, MI 49504

Mark E. Donnelly P39281
Assistant Attorney General
Attorney for Defs. Rau, Dyer, Vogt, Carey, Miller, Brinkman, Ouwinga & Komm
Tort Defense Division
120 North Washington Sq., Ste. 300
P.O. Box 30217
Lansing, MI 48909

Robert E. Agents (P25496)
SLUITER, AGENTS, VAN GESSEL, WINTHER & CARLSON, P.C.
Attorneys for Defendant Det. Dave Hunt
1945 - 28th Street, S.W.
Wyoming, MI 49509

Margaret P. Bloemers P40853
Assistant City Attorney
Attorney for Defendant Eugene Laudenslager
620 City Hall
300 Monroe Avenue NW
Grand Rapids, MI 49503

2

1. <u>Jurisdiction</u>. The basis for the Court's jurisdiction is predicated on 28 USC §§ 1343(3) and (4) and 1331, as well as pendent jurisdiction.

2. <u>Jury or Non-Jury</u>. This case is to be tried before a jury.

3. <u>Judicial Availability</u>. The parties do not agree to have a United States Magistrate Judge conduct any and all further proceedings in the case, including trial, and order the entry of final judgment.

4. <u>Geographic Transfer</u>. No transfer for geographic convenience appears warranted in this case.

5. <u>Statement of the Case</u>. This case involves:

Plaintiff Richard Craddock has alleged in his Complaint that he was the victim of an assault and battery by several police officers, that his constitutional rights were violated by these officers, and that a civil conspiracy took place in order to carry out the incident. Mr. Craddock's suit claims violations of both state and federal law.

All Plaintiffs are claiming that they were the victims of intentional infliction of emotional distress, due to their witnessing the assault and battery of Plaintiff Richard Craddock, and the unwarranted shooting and killing of the Plaintiffs' dog.

On November 1, 2001, Plaintiff Richard Craddock was arrested by Defendants on outstanding felony warrants. During the course of that arrest, Mr. Craddock was alleged to have fought with several officers who were attempting to effect that arrest. During the course of the arrest, Plaintiff claims that he was beaten in the face, nose and head, struck with a club, hog-tied, and that his head and chest were slammed down on the pavement. Also, during the course of said arrest, an officer shot and killed a dog owned by Plaintiffs Richard and Pamela Craddock.

The state police Defendants maintain that they used reasonable force in apprehending Mr. Craddock.

Defendant Hunt also states that no excessive force was used in apprehending Mr. Craddock.

Defendant Eugene Laudenslager, a City of Grand Rapids police who is assigned to the Metropolitan Enforcement Team, was a member of a multi-jurisdictional team that was sent to Plaintiffs' home in order to execute a valid felony warrant and a criminal bench warrant for the arrest of Plaintiff Richard H. Craddock. Defendant Laudenslager asserts that he did not enter Plaintiffs' residence, and that his only involvement in the incident that forms the basis for Plaintiffs' claims, was that he was one of the officers who, during the course of the officers' reasonable and lawful attempts to gain physical control of and arrest the extremely combative and physically resistant Plaintiff Richard H. Craddock, was pulled to the ground when Plaintiff assaulted and battered one of the other officers. He was one of the officers who eventually controlled and secured Plaintiff, who continued to struggle and resist arrest. Defendant Laudenslager further asserts that he used only an amount of force that was reasonably necessary under the circumstances to assist in gaining control of Plaintiff Richard H. Craddock. Defendant Laudenslager asserts that he is entitled to qualified immunity from suit under 42 USC § 1983, because no reasonable officer would have believed that his conduct violated clearly established law. Defendant Laudenslager is entitled to statutory immunity from liability for Plaintiffs' pendent state tort claims under the Michigan governmental immunity act, MCL 691.1401, et seq. because, at all times relevant to this action, he was acting reasonably within the scope and authority of his employment, and he was engaged in the exercise or discharge of a governmental function. Defendant further

asserts that there is no legal or factual basis upon which relief can be granted to Plaintiffs on their claims of intentional infliction of emotional distress and civil conspiracy.

Defendant Davis acknowledges that on November 1, 2001, members of the Metropolitan Enforcement Team ("MET") were requested to assist the Michigan State Police 6th District Fugitive Team with the arrest of Plaintiff. On said date, valid warrants for Plaintiff existed, including a felony warrant for flights escape and a criminal bench warrant for failure to appear. Plaintiff resisted the arrest and assaulted the officers who effectuated the arrest.

Sgt. Mark Davis' involvement in the subject arrest was limited. Sgt. Davis observed officers actively struggling with Plaintiff. Plaintiff was subsequently handcuffed but continually pulled away and resisting the officers' efforts to escort him to the police vehicle. Plaintiff assaulted Sgt. Davis by striking him in the groin. Plaintiff was eventually taken to the ground, Sgt. Davis positioned himself to assist while Plaintiff tried to kick the officers. The officers were unable to control Plaintiff because of his violent actions. In an effort to de-escalate the resistance and retain control of Plaintiff, Sgt. Davis struck Plaintiff twice. The officers were able to grab Plaintiff's legs and roll him onto his stomach. Plaintiff continued to struggle, kick and fight, even as he was placed in the police vehicle for transport to jail.

Only the force necessary to effectuate Plaintiff's arrest and de-escalate Plaintiff's use of force and assaultive behavior was used. Sgt. Davis' actions were objectively reasonable in light of the circumstances presented him and he is entitled to either qualified immunity or summary judgment under *Graham's* "objective reasonableness" test.

6. <u>Pendent State Claims</u>. This case does include pendent state claims. The pendent state claims are assault and battery, intentional infliction of emotional distress, and civil conspiracy of officers under MCL 750.157a.

7. <u>Joinder of Parties & Amendment of Pleadings</u>. The parties expect to file all Motions for Joinder of Parties to this action and to file all Motions to Amend the Pleadings by **November 15, 2002**.

8. <u>Disclosures & Exchanges</u>.

   (a) Fed. R. Civ. P 26(a)(1) requires initial disclosures unless the court orders otherwise. Any party objecting to Rule 26(a)(1) disclosures must set forth below in detail the nature and reasons for the objection. If one or more party objects, no initial disclosure shall be required until the court resolves the objection at the Rule 16 conference. In the absence of an objection, initial disclosures will be required of all parties. **November 1, 2002** has been suggested by Defendant Sgt. Davis for said initial disclosures, however, the agreement of all parties has not yet been secured on this issue.

   (b) The Plaintiffs expect to be able to furnish the names of the Plaintiffs' known witnesses, including all experts, to the Defendants by **December 2, 2002.** The Defendants expect to be able to furnish the names of the Defendants' known witnesses, including all experts, to the Plaintiffs by **December 26, 2002.**

   (c) In this case, it would not be advisable to exchange written expert witness reports as contemplated by Fed. R. Civ. P. 26(a)(2).

(d) The parties have agreed to make available the following documents without the need of a formal request for production:

    (i) From Plaintiffs to Defendants by **December 2, 2002**: All relevant documents which are not privileged.

    (ii) From Defendants to Plaintiff by **December 26, 2002**: All relevant documents which are not privileged.

(e) Defendant Sgt. Davis has requested that Plaintiff make available all tax records for the years 1995 to present without a formal production request.

9. <u>Discovery</u>. The parties believe that all discovery proceedings can be completed by **July 31, 2003**. The parties recommend the following discovery plan: No changes should be made to the limitations on discovery imposed under the Federal Rules of Civil Procedure or by local rule, however, each of the parties and their experts may be deposed.

10. <u>Motions</u>. The parties anticipate that all dispositive motions will be filed by **September 1, 2003**. The parties acknowledge that it is the policy of this Court to prohibit the consideration of non-dispositive discovery motions unless accompanied by a certification that the moving party has made a reasonable and good faith effort to reach agreement with opposing counsel on the matters set forth in the motion.

Defendant Sgt. Mark Davis will file an early dispositive motion challenging Plaintiffs' claims on the basis of qualified immunity.

11. **Alternative Dispute Resolution.** Plaintiff had recommended that this case be submitted to the following method(s) of alternative dispute resolution: Evaluation mediation (MCR 2.403 and W.D. Mich L. Civ. R. 16.5).

Pursuant to R 16.5(i)(i), if all parties so stipulate in writing the court may also tax reasonable attorney fees incurred from the date of rejection. This was requested by Defendant Michigan state police and agreed to by Plaintiffs, Defendant Hunt and Defendant Laudenslager, however, Defendant Davis does not agree to the taxation of reasonable attorney fees under R. 16.5(i)(i). The Michigan state police Defendants agreed to evaluative mediation if attorney fees were taxed. This issue will need to be addressed at the Rule 16 Scheduling Conference.

12. **Length of Trial.** Counsel estimate the trial will last approximately 6 days, total, allocated as follows: 3 days for Plaintiffs' case; and 3 days for Defendants' case.

13. **Prospects of Settlement.** The status of settlement negotiations are ongoing and prospects are uncertain at this time.

Defendant Sgt. Mark Davis has not engaged in settlement discussions and will not consider settlement until the Court has rendered opinions on his anticipated dispositive motions.

DATED: __10/2__, 2002          DATED: __10/2__, 2002

SCHENK & BONCHER               PLUNKETT & COONEY, P.C.

By: /s/ Catherine M. Sullivan           By: /s/ Steven F. Stapleton  (by CMS
    Catherine M. Sullivan (P40699)         Steven F. Stapleton (P51571)   w/
    Attorneys for Plaintiffs                Attys for Defendant Sgt. Mark Davis  permission)
Business Address:              Business Address:
   601 Three Mile Road, N.W.         333 Bridge Street, N.W., Suite 530
   Grand Rapids, MI 49544            Grand Rapids, MI 49504


DATED: __10/2__, 2002          DATED: __10/2__, 2002

JENNIFER M. GRANHOLM            SLUITER, AGENTS, VAN GESSEL,
ATTORNEY GENERAL                WINTHER & CARLSON, P.C.

(by CMS,  By: /s/ Mark E. Donnelly      By: /s/ Robert E. Agents   (by CMS,
w/         Mark E. Donnelly P39281         Robert E. Agents (P25496)   w/permission)
permission) Assistant Attorney General    Attys for Defendant Det. Dave Hunt
   Attys for Dfs. Rau, Dyer, Vogt, Carey,  Business Address:
   Miller, Brinkman, Ouwinga & Komm         1945 - 28th Street, S.W.
Business Address:                            Wyoming, MI 49509
   120 North Washington Sq., Ste. 300
   P.O. Box 30217
   Lansing, MI 48909


DATED: __10/2__, 2002

GRAND RAPIDS CITY ATTORNEY

(by CMS,  By: /s/ Margaret P. Bloemers
w/permission) Margaret P. Bloemers P40853
   Assistant City Attorney
   Attys for Def. Eugene Laudenslager
Business Address:
   620 City Hall
   300 Monroe Avenue NW
   Grand Rapids, MI 49503

D:\u\LS04\CMS\Craddock\Joint Status Report.wpd